# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) | Criminal No. 07-313 |
| DeRon Odem, | ) | |
| Defendant | ) | |

## MEMORANDUM OPINION

Defendant DeRon Odem ("Odem") filed a pro se "motion for court order." (ECF No. 113). Odem seeks a court order that he be immediately released to state custody. The government filed a response in opposition to the motion (ECF No. 115) and it is ripe for decision.

In 2008, at Criminal Case No. 07-313 (the "federal case"), Odem pleaded guilty to drug and firearm violations and was sentenced to a total of 101 months in prison, to be followed by 3 years of supervised release. He began supervision on April 26, 2016. On June 27, 2016, Odem was arrested and charged with numerous crimes involving sexual assault of a 13-year-old girl. Odem pleaded nolo contender to one count of Rape Forcible Compulsion. On January 31, 2018, Odem was sentenced in the state court to 114-240 months of incarceration, to be served consecutive to any other sentence.

On September 20, 2018, this court held a supervised release revocation hearing in the federal case. Odem recognized that his state court conviction established a Grade A violation and also admitted Grade C violations of his supervised release. The court accepted an agreement proposed by Odem and the government. Odem's supervised release was revoked and he was sentenced to a term of imprisonment of: (a) 36 months at each of counts 1 and 2; (b) 46 months at

1

count 3; and (c) 12 months at count 4. At each count, 27 months of the federal imprisonment is to run concurrent to the state sentence at CP-43-CR0001140-2016, with no federal supervised release to follow. The court agreed to <u>recommend</u> to the Bureau of Prisons ("BOP") that defendant be returned to state custody forthwith.

In the judgment order imposing the supervised release sentence, the court did so. *See* ECF No. 112 at 2 ("The court makes the following recommendations to the Bureau of Prisons: That defendant be released to state custody forthwith to serve his state sentence."). The court cannot order that Odem be sent to state custody because the court does not have authority to dictate placement of inmates to the BOP. By statute, only the BOP has that authority. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."). Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment at a certain place cannot override the BOP's authority to determine or change the place of imprisonment of that person. *Id*.

Odem's "motion for court order" (ECF No. 113) must therefore be DENIED. An appropriate order follows.

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Senior United States District Judge

Dated: January 4, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| v. ) | Criminal No. 07-313 |
| DeRon Odem, ) | |
| Defendant ) | |

## **ORDER**

AND NOW, this 4th day of January, 2019, in accordance with the memorandum opinion, IT IS HEREBY ORDERED that Defendant DeRon Odem's pro se "motion for court order" (ECF No. 113) is DENIED.

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Senior United States District Judge